# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | FREDERICK J. KAPALA | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50130 | **DATE** | July 12, 2013 |
| **CASE TITLE** | Antwann Green (#B-13943) vs. Wexford Health Sources, et al. | | |

**DOCKET ENTRY TEXT:**

Defendant Dahiya's motion for summary judgment [#150] is granted. At the close of the case, the clerk is directed to enter judgment in favor of Dahiya pursuant to Fed. R. Civ. P. 56. Dahiya is terminated as a defendant in this matter. The defendant's motion to deem facts admitted and strike response [#168] is denied as moot. However, the clerk is directed to mail the plaintiff a copy of Local Rule 56.1 (N.D. Ill.).

■ [**For further details see text below.**]

**Docketing to mail notices.**

---

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials, medical professionals, and food providers at the Dixon Correctional Center, have violated the plaintiff's constitutional rights by acting with deliberate indifference to his health, safety, and medical needs. More specifically, the plaintiff alleges that he has been forced to eat an excessively soy-based diet even though it is causing severe health complications; he further contends that he has received inadequate medical care for his multiplying health complaints.

This matter is before the court for ruling on defendant Dahiya's motion for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Vision Church v. Vill. of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006). For the reasons stated in this order, defendant Dahiya's motion is granted.

The plaintiff's claims against Dahiya are time-barred. In Illinois, the statute of limitations for Section 1983 actions is two years. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. Illinois law does not toll the statute of limitations for prisoners. *Schweihs Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, No. 10 C 5188, 2010 WL 3526379, *1, n.1 (N.D. Ill. Aug. 30, 2010) (Norgle, J.).
**(CONTINUED)**

mjm

It is uncontested that the plaintiff consulted defendant Dahiya, a physician at the Dixon Correctional Center, for multiple medical issues between May of 2005 and February of 2008. (Complaint, ¶¶ 22-23.) There is likewise no dispute that Dahiya ended his employment with Wexford Health Sources, Inc., [and, hence, the prison] on September 24, 2008. (Defendant's Exhibit D, Affidavit of Arthur Funk, ¶ 6.) The plaintiff initiated this suit on April 23, 2012, over three and a half years later. The plaintiff waited too long to file suit against Dr. Dahiya.

The plaintiff's reliance on the "continuing violation" doctrine is misplaced. Under that doctrine, where a series of events injure a plaintiff, he can "reach back" to the beginning of the wrong "even if that beginning lies outside the statutory limitations period, when it would be unreasonable to require or even permit him to sue separately over every incident of the defendant's unlawful conduct." *See Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001). "Every day that they prolonged his agony by not treating his painful condition marked a fresh infliction of punishment that caused the statute of limitations to start running anew." *Id.* at 318. But in the case at bar, the plaintiff had no contact with Dahiya after February of 2008; furthermore, any alleged ongoing lack of medical care after September 2008 could not reasonably be attributed to Dahiya since he was no longer employed at the facility. Consequently, the plaintiff's claims against Dahiya are time-barred.

For the foregoing reasons, defendant Dahiya's motion for summary judgment is granted. At the close of the case, the clerk is directed to enter judgment in favor of Dahiya pursuant to Fed. R. Civ. P. 56. Dahiya is terminated as a defendant in this matter.

The defendant's motion to deem facts admitted and to strike the plaintiff's response to the summary judgment motion is accordingly denied as moot. However, the plaintiff should carefully review Local Rule 56.1 (N.D. Ill.) and the defendant's "Notice to Pro Se Litigant ... Opposing Summary Judgment" [document no. 149]. In this instance, the plaintiff's non-conforming response to the defendant's motion for summary judgment was a non-issue. The plaintiff is nevertheless cautioned that a party's failure to controvert the facts as set forth in the moving party's summary judgment statement results in those facts being deemed admitted. *See, e.g., Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). The district court may rigorously enforce compliance with Local Rule 56.1 (N.D. Ill.). *See, e.g., Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) (citing *Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004)). If any of the remaining defendants move for summary judgment, the plaintiff must comply with court rules.